Mr.' Justice CURTIS
 

 delivered'the opinion of the court.
 

 This, is "an appeal, from the decree of the District Court, of the United .States for the northern’district of Alabama, having ’ the powers of a circuit, court. The appellant filed his hill in that court to charge a legacy on property alleged to have come to the hands of the respondents, and to he chargeable with its payment. After answers had been filed, and while exceptions to one of the answers were pending, the respondents moved to dismiss the hill for want of equity, and-the court ordered it to he dismissed. This was irregular, and the decree must he reversed. . It is understood to be in conformity with the prac- • tice of the State courts of Alabama to entertain such a motion at any stage of the proceedings. But the equity practice of the courts of the United States is. governed by the rules prescribed by this court, under the authority conferred “upon it by the act of .Congress, (McDonald
 
 v.
 
 Smalley, 1 Pet., 620,) and is the same in all the States: And this practice does not. sanction the dismissal of the bill on a" motion made while ‘the parties are perfecting-the pleadings.. The question whether - the bill contains any equity, may be raised by a demurrer. If the defendant answer, this question cannot he raised until the hearing. Hon constat that a defect may not be removed before the hearing.
 

 The case must be remanded to the Circuit Court, and if any' defects .exist in the bill capable of being cured by amendments, as no replication has been filed, it is within the rules of ordinary practice to allow them to be made.