CROUCH *et al. v.* KERR *et al.*

*(Circuit Court, W. D. Texas, San Antonio, D.* May 9, 1889.)

EQUITY—PLEADING—DEMURRER TO ANSWER.
A demurrer to an answer in equity is not sanctioned by the rules of practice in the federal courts.

In Equity. On demurrer to answer.
*Simpson & James* and *Houston Bros.,* for complainants.
*Wm. Aubrey* and *Chas. H. Mayfield,* for defendants.

MAXEY, J. The complainants, B. L. Crouch, J. T. Lytle, T. M. McDaniel and Edward Rutledge, filed their bill in this suit on the 1st day of

December, 1885, praying for an injunction to restrain the defendant James D. Kerr and his attorneys from the further prosecution of a suit of trespass to try title, instituted by Kerr on the law side of the court, to recover of complainants certain real estate. Upon motion duly presented by complainants, and notice to the defendants, a temporary injunction was issued by my predecessor. Following the injunction, the defendants filed a demurrer to the bill, which, upon consideration, was overruled, and they were required by order of the court to answer the bill "upon its merits on the August rule-day, A. D. 1886." The answer was filed on the 6th day of September following, without objection on the part of complainants as to the time of filing. A paper styled "demurrer to answer" was interposed by complainants, and filed August 1, 1887. This demurrer was not acted upon by my predecessor, and is now submitted for determination. That the demurrer may be properly understood, the grounds thereof will be inserted in the language of the pleader. They are as follows:

"Complainants, by protestation, not confessing any or all of the matters and things in the answer of defendants contained to be true, in such manner and form as therein alleged, do demur to said answer, and for cause of demurrer say that the matters and things averred and exhibited by said answer show no legal or equitable defense to the bill of complaint; that said answer discloses that complainants are entitled to the relief prayed for in their bill of complaint. And that they, the complainants, cannot now be required to file replication to said answer."

Whether the answer presents a meritorious defense to the bill will not at this time be decided, as it is evident that the rules of correct equity practice forbid a determination of that question upon a demurrer to an answer. Such a method of testing the validity of an answer is permissible under the rules of pleading and practice as adopted by the courts of this state, but those rules are inapplicable to this court sitting as a court of equity. *Betts* v. *Lewis*, 19 How. 72, 73. If an answer be insufficient, exceptions may be taken to it, "which exceptions are always in writing, stating the parts of the bill which the plaintiff alleges are not answered, and praying that the defendant may in such respects put in a further and full answer to the bill." Story, Eq. Pl. (9th Ed.) § 864; 1 Daniell, Ch. (5th Ed.) c. 17, § 4, p. 760; Lube, Eq. § 2, subd. 65, p. 72; Heard, Eq. Pl. 98, 99; *Brooks* v. *Byam*, 1 Story, 300 *et seq.*; Equity Rules, 61–65. Or, if the answer sets up no legal defense, and the material facts are admitted, the complainant has the option, and the proper course is, to set the cause down upon bill and answer. *Banks* v. *Manchester*, 128 U. S. 251, 9 Sup. Ct. Rep. 36; *Travers* v. *Ross*, 14 N. J. Eq. 257; Heard, Eq. Pl. 83; Story, Eq. Pl. (9th Ed.) § 456; *Edwards* v. *Drake*, 15 Fla. 666; 1 Daniell, Ch. (5th Ed.) c. 21, p. 828. When the cause is set down for hearing on bill and answer "the case is put at issue, the answer becomes evidence, (Equity Rule 41, cl. 2,) and the only evidence the defendant needs, for it must be taken as true in all respects. * * * There is therefore no necessity for a replication, or for the taking of testimony. The setting the case down for hearing on bill and answer is, in effect, a

submission of the cause to the court by the complainant on the contention that he is entitled to the decree prayed for in his bill upon the admissions, and notwithstanding the denials of the answer." *Reynolds* v. *Bank*, 112 U. S. 409, 5 Sup. Ct. Rep. 213; 1 Daniell, Ch. (5th Ed.) c. 21, pp. 828, 829. It is stated by Mr. Daniell that a cause is now, however, rarely heard on bill and answer. Id. 829.

Failing to set the cause down for hearing on bill and answer, or to except to the answer, it is the duty of complainant to file his replication. By the sixty-sixth rule in equity it is provided:

"Whenever the answer of the defendant shall not be excepted to, or shall be adjudged or deemed sufficient, the plaintiff shall file the general replication thereto on or before the next succeeding rule-day thereafter; and in all cases where the general replication is filed the cause shall be deemed to all intents and purposes at issue, without any rejoinder or other pleading on either side."

In this case the complainants have not adopted either of the modes of proceeding above indicated, but the attempt is made, by demurring to the answer of defendants, to raise questions which should properly be presented when the case is set down for hearing on bill and answer. Such is not believed to be the correct practice, and few cases are found in its support. Upon this point it is said by the chancellor, in *Travers* v. *Ross*, citing numerous authorities:

"It must be borne in mind that the question is not whether the answer is lawful or not. That question cannot be examined upon this motion, much less is it necessary that the answer should contain a valid defense to the bill of complaint. No demurrer lies to an answer in equity. There are one or two early cases where it was resorted to, (*Williams* v. *Owen*, 1 Ch. Cas. 56; *Wakelin* v. *Walthal*, 2 Ch. Cas. 8; Wyatt, Pr. Reg. 162;) but its propriety was doubted then, and in modern practice it is never used. In equity a demurrer is only a mode of defense to the bill. *It is never resorted to* to settle the validity of a plea or an answer. Such method of proceeding is not recognized in the books." 14 N. J. Eq. 257, 258; *Banks* v. *Manchester*, 128 U. S. 250, 9 Sup. Ct. Rep. 36.

And say the supreme court of Florida:

"No such pleading as a demurrer to an answer in chancery is known to the practice in this state. After answer the next step is to except for insufficiency or impertinence, to set the cause down for hearing upon bill and answer, or to file replication. While there was no objection by defendant to the filing of this demurrer by plaintiff, and while the defendant went to a hearing upon the demurrer without objection, still this court cannot sanction a totally unauthorized practice. We cannot determine what is the legal effect of an unauthorized pleading, because the law gives it none, and the judgment based upon it can only be reversed." *Edwards* v. *Drake*, 15 Fla. 666. See Story, Eq. Pl. § 456; Heard, Eq. Pl. 83; 1 Daniell, Ch. 542, note 1.

The demurrer to the answer, having been improvidently filed, will be stricken out, and leave granted complainants to set the case down on bill and answer, or to file the usual replication on or before the rule-day in June next; and it is so ordered.