## LAKE ERIE & W. R. Co. v. INDIANAPOLIS NAT. BANK et al.

### (Circuit Court, D. Indiana. February 27, 1895.)

### No. 8,973.

1. EQUITY PLEADING—REPLICATION.
    Where a cause is set down for hearing on bill and answer, no replication having been filed, then the answer is to be taken as true in all its material allegations, whether responsive or not; otherwise the defendant would be precluded from proving the allegations which are only defensive. Banks v. Manchester, 9 Sup. Ct. 36, 128 U. S. 244, cited.

2. INSOLVENT BANK—PAYMENT OF DEPOSITOR.
    A depositor is entitled to a preference in payment of the assets of a bank in the hands of a receiver where the deposit was made at a time when the bank was hopelessly insolvent, and the fact of such insolvency had been concealed by the bank. Wasson v. Hawkins, 59 Fed. 233, followed.

3. SAME.
    In such case the whole of the deposit is charged with a trust, and an equal amount may be recovered from the receiver, who has received the specific money among the general mass of the bank's funds.

Miller, Winter & Elam, W. E. Hackedorn, and John B. Cockrum, for complainant.

Frank B. Burke and John W. Kern, for defendants.

BAKER, District Judge. This case has been set down for hearing upon the bill and answer of Edward Hawkins, as receiver of the Indianapolis National Bank. When no replication is filed by the plaintiff, and no issue is made upon the truth of the defendant's allegations, but the cause is set down for hearing on the bill and answer alone, then the answer is to be taken as true in all its material allegations, whether responsive or not; otherwise the defendant would be precluded from proving the allegations which are only defensive. Banks v. Manchester, 128 U. S. 244, 9 Sup. Ct. 36; Brinkerhoff v. Brown, 7 Johns. Ch. 217, 223; Perkins v. Nichols, 11 Allen, 542, 544. The bill seeks to have certain moneys and choses

in action deposited with the Indianapolis National Bank on the 22d and 24th of July, 1893, declared to be entitled to preference in payment out of the assets of the bank in the receiver's hands. Such preference is claimed on the ground that when the deposits were made the bank was, and for a long time had been, hopelessly insolvent; that the plaintiff had no knowledge of such insolvency, which was concealed from it; and that such moneys, and the proceeds of the choses in action so deposited, had come into the custody and possession of the bank examiner who first took possession of the bank upon its failure, and that the same had come into the possession of the receiver from such bank examiner. The principles applicable to the present case were fully considered by the court in Wasson v. Hawkins, 59 Fed. 233. It was there held that where money and checks are unsuspectingly deposited in a bank which is known by its managing officers to be hopelessly insolvent, a short time before the closing hour on the last day on which it does business, and the checks are subsequently collected, the whole of the deposit is charged with a trust, and an equal amount may be recovered from the receiver, who has received the specific money among the general mass of the bank's funds. Applying the doctrine of that case to the facts disclosed by the bill and answer, I am of opinion that the complainant is entitled to have a decree declaring that the sum of $1,658.16 ought to be paid by the receiver out of the assets in his hands as a preferred claim, and that the residue of the complainant's claim is not entitled to preference, but ought to be allowed and paid pro rata with other unpreferred claims. A decree may be prepared in conformity with the foregoing views.