ATLANTIC TRUST CO. v. CHAPMAN et al.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1906.)

No. 1,142.

1. EQUITY—INTERLOCUTORY PROCEEDING—SUBMISSION ON PLEADINGS.

Where the petition of a receiver to require the complainant in the suit to pay the costs and expenses of the receivership, which exceeded the proceeds of the property when sold, was submitted upon complainant's answer thereto, as upon bill and answer, complainant is entitled to the benefit of all denials of matters alleged in the petition and of all matters of defense properly pleaded.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 711.]

2. RECEIVERS—COST OF RECEIVERSHIP—LIABILITY OF COMPLAINANT.

The trustee in a mortgage given by a corporation to secure its bonds which, instead of exercising the power of sale given it by the mortgage, institutes a foreclosure suit and obtains the appointment of a receiver for the property of the corporation may be adjudged liable for the costs and expenses of the receivership where they exceed the amount realized from the property, and it is not relieved from such liability, by the fact that it was not notified of such claim until final settlement of the receiver's accounts nor is the receiver required to make bondholders who intervened in the suit parties defendant to his petition against the complainant.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, § 400.]

Appeal from the Circuit Court of the United States for the Northern District of California.

J. J. Scrivner, for appellant.

E. C. Chapman and Stanley W. Dexter, in pro. per.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. This case was before this court before on appeal from a decree sustaining the demurrer of the appellant, the Atlantic Trust Company to the petition of E. C. Chapman, receiver, for an order requiring the trust company to pay the costs and expenses of the receivership. Chapman v. Atlantic Trust Co. et al., 119 Fed. 257, 56 C. C. A. 61. This court adjudged that the demurrer should have been overruled, and held that where the costs and expenses of the management of mortgaged property by a receiver in a suit, which costs and expenses were authorized by the court, exceed the proceeds of the property when sold, together with its earnings, and the court has expressly retained jurisdiction over the subject-matter and the parties until the final settlement of the receiver's accounts, it has power on such settlement to render a judgment for the deficiency against the complainant at whose instance the receiver was appointed and continued and the expenses incurred. The cause was remanded to the Circuit Court for further proceedings. The trust company then filed its answer to the receiver's petition. Thereupon the matter was submitted to the Circuit Court as upon bill and answer. Upon consideration thereof the court entered a decree adjudging that the trust company pay to the receiver the costs and expenses in accordance with the prayer of his petition. From that decree the present appeal is taken.

Upon submission of the cause as upon bill and answer, the trust company was entitled to the benefit of all denials in the answer of the matters set forth in the petition, and all matters properly pleaded in the answer; and the question at issue was what was a proper judgment upon the facts presented by the petition and not denied in the answer together with the facts properly pleaded in the answer. Reynolds v. Crawfordsville Bank, 112 U. S. 405, 5 Sup. Ct. 213, 28 L. Ed. 733; Banks v. Manchester, 128 U. S. 244, 9 Sup. Ct. 36, 32 L. Ed. 425. The appellant contends that upon the case now presented the equities are with it, and that certain allegations of the petition which stood admitted upon the record when the case was formerly before this court are now eliminated by reason of denials in the answer, such as the allegation that the expenses were incurred on the motion or request of the appellant, that the receiver acted upon its assurances as to the sufficiency of the property to pay the foreclosure expenses, that the foreclosure was irregular and collusive, and that the acts of the appellant contributed to the delay of the suit and its disastrous result. The appellant urges that the receiver himself was the person best acquainted with the situation at all times, and that he should have given warning that future expenses might result in

a deficit upon a sale; that so far as the final disaster was due to human mistakes it was due to the mistakes of the receiver and his employés, and particularly to his selection of an engineer at the instance of others; and that the delays which prolonged the receivership until the break down of the dam were due to matters beyond the appellant's control, such as interventions in the suit by outside parties and the litigation resulting therefrom. The answer sets up reasons, some by way of argument, others by statement of facts, why the appellant should not be held liable for the expenses of the receivership. It does not deny any of the material facts alleged in the petition. It alleges as matter of defense that the Canal & Irrigation Company was a quasi public corporation, and that all the expenses were incurred by the receiver as the officer and hand of the court, not as the agent of the appellant nor for its benefit, but for the benefit of all concerned including the public. It alleges, and this is one of the principal defenses relied on, that the appellant is a corporation enjoying high credit in commercial communities throughout the United States, and that had it been known or understood by persons taking the receiver's certificates that it was personally liable upon them, the certificates would have been readily subscribed at a low rate of interest instead of being placed with difficulty at the high rate of 10 per centum per annum. We do not see how this defense can avail the appellant to avoid its liability. It was bound to know the law and to know the nature of the obligation which it assumed in asking the court to appoint the receiver to manage the property. It must be presumed to have had notice of the progress of the case, the difficulties of the receivership, the expenses thereof, and the issuance of receiver's certificates, together with the difficulty of disposing of the same. If its credit in the commercial world would have been of aid in disposing of the receiver's certificates at a lower rate of interest, it had the opportunity to use its credit for that purpose. It brought the foreclosure suit at the request of bondholders, it is true, but it was not bound to resort to the court or to ask for the appointment of a receiver. The trust deed gave it the option to sell at public auction the entire property in case of default in the payment of interest.

The appellant relies on the defense of laches as against its liability for the costs incurred by the receiver. It has not specified the laches in pleading that defense in its answer, but it argues that the facts show that it was kept in unsuspecting quiet until the time had expired when it could either bid upon the foreclosure sale or redeem from that sale, or appeal from the foreclosure decree, and that had there been any claim that it would be held responsible for the deficit caused by the receiver's management of the property, there can be no doubt that it would have protected itself by bidding at the sale up to the full amount of the deficit, whereby it would have had the property to exploit or sell. This argument is based upon the assumption, unsupported by anything discoverable in the record, that the property on the foreclosure sale sold for less than its full value. We are not warranted in assuming that it sold for less. If it did, was it not the duty of the trust company, protecting the bondholders, to see that it

did sell for its full value or to redeem in case it did not? Its duty to itself to avoid payment of receiver's expenses was no greater than its obligation to its cestuis que trustent to protect their interests in the foreclosure sale. We can discover no ground for imputing laches to the receiver. It was not among his duties to advise the appellant of his understanding of its legal liability to him. It was its duty to know it.

It is contended that the bondholders should have been made parties to the receiver's petition, and the proceedings thereunder, and that they should bear their due proportion of the expenses with the bondholders at whose particular instance the suit was brought, and whom the appellant represented in the foreclosure suit, that this contention is especially sustainable as to the intervening bondholders who did become parties to the foreclosure proceedings, and that thereby they became cocomplainants, and assumed their proportion of the costs and expenses of the litigation. Some of the intervening bondholders appeared in the double capacity of creditors of the corporation and holders of its bonds. The record shows, however, that they were compelled to intervene as bondholders, for the reason that the appellant, whose duty it was to represent and protect all the bondholders, refused to represent the interveners, and attacked and assailed the validity of their bonds. It is true that the interveners were allowed costs, but their costs have not been paid, nor are such costs included in the sums adjudged to be paid to the receiver. In the proceeding to adjust the receiver's account and to fix liability for the payment of the amount due him, it may be that all bondholders might, upon their own application, have been admitted as parties, and perhaps it would have been within the discretion of the trial court to order that they be made parties upon a plea of the appellant suggesting nonjoinder of parties. They were not necessary parties, however. To have brought them in would have been to inject into the case a controversy between the trustee and its cestuis que trustent in which the receiver had no interest. The case was one primarily between the receiver and the appellant. Its determination was not affected by the fact that the latter acted in a representative capacity in incurring the liability, the bondholders being represented by him, and interested only consequentially. Kerrison, Assignee, v. Stewart, 93 U. S. 155, 23 L. Ed. 843. The appellant may have the right to demand reimbursement from the bondholders for the expenses of the receivership; but that is a question which is not before us. When the appellant took this appeal, it served a citation upon certain of the bondholders who were not parties to the proceedings, and one of them, Stanley W. Dexter, as holder of the majority of the bonds, appeared in person in this court and presented his brief. We may consider his appearance as that of amicus curiæ. We find no ground for saying that the Circuit Court erred in dealing with the case as one between the appellant and the receiver or in adjudging that the former pay the expenses of the receivership.

The decree is affirmed.