**Peter VEECK, d/b/a Regional Web**

v.

**SOUTHERN BUILDING CODE CONGRESS INTERNATIONAL, INC.**

No. 4:98cv63.

United States District Court,
E.D. Texas,
Sherman Division.

March 24, 1999.

Phillip Eric Weisberg, Weisberg Law Office, Denison, for plaintiff.

Robert J Veal, Veal & Associates, Birmingham, AL, for defendant.

Damon Young, Young & Pickett, Texarkana, Technology, Chicago, IL, for movant.

## MEMORANDUM OPINION AND ORDER

FOLSOM, District Judge.

Came on for consideration the cross-Motions for Summary Judgment in the above entitled cause. National Fire Protection Association filed an *Amicus Curiae* brief in support of the Defendant, Southern Building Code Congress International, Inc. ("SBCCI"). Henry H. Peritt, Jr., filed an *Amicus Curiae* brief in support of Plaintiff, Peter Veeck. The Court held a hearing on the motions on October 14, 1998. Leave to file supplemental briefs was granted to both parties and National Fire Protection Association. Having considered the Motions, the Responses, the Briefs, the arguments at the hearing, and the applicable law, the Court finds the following.

## I. BACKGROUND

SBCCI, is a not-for-profit organization whose existence is to promote and promulgate standards which safeguard life, health, and public welfare for all types of buildings and constructions. Since 1940, SBCCI's primary mission has been to develop and maintain a set of model building codes known as the Standard Building Codes. These codes include the Standard Building Code, Standard Plumbing Code, Standard Gas Code, Standard Fire Prevention Code, and Standard Mechanical Code. The cities of Anna and Savoy, Texas, under expressed agreements with SBCCI, have enacted ordinances adopting SBCCI's model codes by reference.

Peter Veeck, owns and operates a website known as Regional Web which provides free access via the Internet to information by or about the area of Texas north of Dallas. This information also contains some of the areas municipal codes and ordinances. Mr. Veeck purchased the 1994 version of SBCCI's model codes on electronic format from SBCCI. He then used the software included with the product, loaded the product on his computer, and cut and pasted the data. He then published the edited material on his webpage as the municipal codes of Anna and Savoy, Texas. Mr. Veeck used a telephone to order the codes and purchased the codes by use of a credit card.

## II. SUMMARY JUDGMENT STANDARD

The current standards for reviewing a motion for summary judgment were established in the Supreme Court's trilogy of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Matsushita Electrical Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir.1992), *cert denied*, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Summary judgment is appropriate when the movant can demonstrate that the evidence, including pleadings and affidavits, establishes that there are no genuine issues of material fact. FED. R. CIV. P. 56(c). Once the movant produces such evidence, the nonmovant must come forward with competent evidence that controverts the material facts of the claim at issue. *See Topalian*, at 1131. A dispute about a material fact is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Simply stated, the Court must decide whether the result of submitting these matters to the trier of fact would be preordained. *See Society of Financial Examiners v. National Association of Certified*

*Fraud Examiners,* 41 F.3d 223, 226 (5th Cir.1995).

Mr. Veeck contends that SBCCI, by allowing the use of its model codes by municipalities, has allowed such codes to become part of the public domain and not subject to copyright protection. In essence, Mr. Veeck proposes that there are four grounds for finding lack of copyright protection: (1) due process and access to the law, (2) the fact/idea-expression merger, (3) misuse, and (4) waiver. As contained in its counterclaim and cross-motion, SBCCI argues that Mr. Veeck has violated the copyrights in its codes.

## III. DISCUSSION

### A. Banks and Due Process

■ Mr. Veeck asserts that SBCCI's standardized codes became law and thus entered the public domain when the municipalities by adoption as local law required their enforcement. This argument rest ultimately upon *Banks v. Manchester,* 128 U.S. 244, 9 S.Ct. 36, 32 L.Ed. 425 (1888), which held that judicial opinions are uncopyrightable. *Banks* in turn rests upon two grounds, neither of which would justify invalidation of SBCCI's copyright protection. *See Practice Management Information Corporation v. The American Medical Association,* 121 F.3d 516, 518 (9th Cir.1997), *cert. den.* —— U.S. ——, 118 S.Ct. 339, 139 L.Ed.2d 263 (1997). The Ninth Circuit, in *Practice Management,* explained those two grounds and why the *Banks* Court held that judicial opinions are not subject to copyright: (1) the public owns the opinions because it pays the judge's salaries, and (2) as a matter of public policy, the whole work done by the judges constitutes the authentic exposition and interpretation of the law, which, binding every citizen, is free for publication to all. *Practice Management,* 121 F.3d at 518.

With regard to factor number one, there is no question that SBCCI is a private non-profit corporation which carries out research, compiles data, drafts standardized codes, and then prints them in a usable fashion for its customers. Further, SBCCI offers services in conjunction with the printing of its codes to assist the reader in better understanding its codes. SBCCI bears the financial weight of this process. The only public money used to facilitate SBCCI's work is that income derived from the sale of SBCCI's product. As such, the public does not own SBCCI or its works.

Further, the copyright system's goal of promoting the arts and sciences by granting temporary monopolies to copyright holders was not at stake in *Banks. Practice Management,* 121 F.3d at 518. In contrast, the production of the standardized codes provides the economic incentive for SBCCI to produce and maintain the standardized codes. *Id.* As the Ninth Circuit stated. "To vitiate copyright, in such circumstances, could, without adequate justification, prove destructive of the copyright interest, in encouraging creativity, a matter of particular significance in this context because of the increasing trend toward state and federal adoptions of model codes." *Practice Management,* 121 F.3d at 518 (citations omitted). As SBCCI and National Fire Protection Association point out, invalidating or not enforcing these copyrights on the ground that the standardized codes entered the public domain when the municipalities adopted them as law would expose copyrights on a wide range of privately authored model codes, standards, and reference works to jeopardy. *Id.* at 519. As the Ninth Circuit stated, "Non-profit organizations that develop these model codes and standards warn they will be unable to continue to do so if the codes and standards enter the public domain when adopted by a public agency." *Id.* Agreeing with these assertions, the Court finds that the first *Banks* element is not met in the present case.

The second element, one of public policy, also dictates that SBCCI's copyright in its standardized codes are enforceable.

*Banks* and Mr. Veeck rely upon the *due process* requirement of free access to the law. Mr. Veeck argues that it is necessary to publish the standardized codes on the Internet in order to provide free access of the law to the public. Mr. Veeck states that the codes in question are not otherwise generally available. The Court finds these assertions without merit.

What Mr. Veeck really asserts is that the model codes are not available to him in the most convenient manner. Mr. Veeck's own actions of ordering the model codes directly from SBCCI establish that the codes can be obtained over the telephone, just as Mr. Veeck proposes with the Internet where a fee would also be incurred by the citizen. *See Oral Deposition of Peter Veeck*, at 30 (discussion on service charges for Internet providers). Further, the evidence presented by SBCCI and through Mr. Veeck establishes that Mr. Veeck did obtain access to the municipal codes. To illustrate, when he did obtain access to the Denison, Texas, municipal ordinance, he realized he had ordered the 1994 version of SBCCI's standardized codes, yet Denison had adopted the 1988 version. *See Oral Deposition of Peter Veeck*, at 90. Similarly, Mr. Veeck learned when he traveled to Anna, Texas, that the City of Anna had adopted the 1994 version of SBCCI's standardized codes. *Id.* at 100. More importantly, Mr. Veeck believed that the City of Anna would have a copy of the SBCCI codes, but he did not ask for them or for access to them. *Id.* at 102–103. In fact, other than the City of Savoy, where Mr. Veeck was told a copy of the codes were at "public works," there was no other munici-

pality where he looked where he could not locate the codes. *Id.* at 108–109.

The evidence presented by SBCCI establishes that in the cities of Sherman and Denison, Texas, the model codes as adopted by these municipalities are available to the public. The Court is satisfied that the citizens of the communities wherein these codes have been adopted do have access to them. There is no evidence that Mr. Veeck was personally denied access to any of these codes or that others have been denied access to the codes. As such, the Court finds that Mr. Veeck's assertions of violations of due process and lack of access are without merit and no genuine issue of material fact exists in his claims. The Court finds that *Banks* is clearly distinguishable to the present case or scenario as stated above. Accordingly, the Court finds that SBCCI's works should be afforded their copyright protection.[1]

The Fifth Circuit has also addressed the arguments of Mr. Veeck in favor of SBCCI. In *State of Texas v. West Publishing Company*, 882 F.2d 171, 177 (5th Cir.1989), the State of Texas argued that it had "an obligation under the due process clause to provide its residents with access to its laws and that West's copyright impinges on this obligation" because West had the only "accessible" version of the statutory law. The Fifth Circuit found the State's argument to be without merit, stating that Texas residents have ready access to the law (as the municipal residents do in this case) and that there was no evidence that anyone was "being denied access to [the law] or that West intends to deny access in the future." *Id.* As this Court has found, the residents of these munici-

---

1. As indicated by National Fire Protection Association, no case directly (or indirectly as the Court views the case law) supports the Plaintiff's view that a copyrighted work when incorporated into the law eliminates the copyright protection of the maker of that work. As the Second Circuit stated and this Court agrees, "We are not prepared to hold that a state's reference to a copyrighted work as a legal standard ... results in loss of the copyright." *CCC Info. Serv. Inc. v. Maclean Hunt-*

*er Market Reports, Inc.*, 44 F.3d 61, 73–74 (2d Cir.1994). While Plaintiff has raised policy considerations, "they are opposed to the countervailing considerations." *Id.* at 74. Such countervailing considerations include substantial problems under the Takings Clause of the Constitution and a chilling effect on non-profit organizations conducting the research and testing of such codes. This is especially so in light of the fact that the present case reveals no denial to access.

palities "are not being deprived of any due process right they could conceivably have to access [municipal] laws." *Id.* Further, if Mr. Veeck's access to the codes is slightly limited by "enforcement of [SBCCI's] copyright against ... wholesale copying, this will not inflict injury on the opportunity for public debate, nor restrict access to the kind of idea that illuminates our understanding of the phenomena that surround us or of useful processes to solve our problems." *CCC Info. Serv. Inc.,* 44 F.3d at 73.

The Court specifically notes that this is not a case where a citizen was denied any access to the law as adopted by the municipalities in question. The Court further finds that this is not a case where a citizen desired to photocopy the codes at a municipal office and was denied that access. The Court further finds that this is not a case where Mr. Veeck simply copied the codes from the municipal offices and SBCCI now seeks to prevent that action. Rather, Mr. Veeck ordered the SBCCI standardized codes directly from SBCCI and published those specifically copyrighted works on the Internet.

### B. Fact/Idea–Expression Merger

■ Similarly, the Court finds that the fact/idea-expression merger proposed by Mr. Veeck is not appropriate to this case. *See American Dental Association v. Delta Dental Plans Association,* 126 F.3d 977, 979 (7th Cir.1997) (holding, dental association's taxonomy was original work of authorship entitled to copyright protection, and taxonomy was not uncopyrightable "system," and stating, "The Code's descriptions don't 'merge with the facts' any more than a scientific description of butterfly attributes is part of a butterfly.") (citations omitted). A copyright protects the expression of an idea but not the idea itself. Under the merger doctrine, however, expression is not protected when there are no or few other ways of expressing a particular idea. *Educational Testing Servs. v. Katzman,* 793 F.2d 533, 539 (3d Cir.1986). Such is not the situation in the present case where model building codes

can be and are planned, developed, and published by a number of non-profit organizations. If the same idea can be expressed in a plurality of totally different manners, a plurality of copyrights may result. *Id.* at 539. The evidence shows that other methods of expressing these ideas are not foreclosed as a practical matter. *Id.* at 539. Accordingly, there is no merger. SBCCI's model codes are but one way of expressing an idea, but its codes are not the only way of expressing that same idea. The Court finds that the subject of building codes is open to a number of different types of expressions. Therefore, the Court finds that no merger of fact/idea and expression have occurred to prevent SBCCI from enforcing its copyrighted works.

### C. Misuse

■ The Court also finds that SBCCI has not misused its copyrights. *See American Dental Association,* 126 F.3d at 981 (stating, "So far as the ADA is concerned, any dentist, any insurer, anyone at all, may devise and use forms into which the Code's descriptions may be entered. The ADA encourages this use; standardization of language promotes interchange among professionals."). SBCCI is a nonprofit corporation and has a membership base consisting of approximately 14,500 members. *See Affidavit of William J. Tangye.* Of this 14,500 members, about 2,400 are government entities, consisting of cities, counties, and state governments. *Id.* As the organization which maintains the standard codes, SBCCI claims copyright interest in the codes and each title is registered in the Copyright Office. *Id.* These codes are offered for adoption as local construction ordinances to any local government, at no cost, and with no obligation on the part of the government unit to become a member of SBCCI. *Id.* The total cost of preparation, promulgation, and maintenance of the codes is borne by SBCCI, which includes the input of thousand of design professionals, building contractors, build-

ing officials from all over the country, construction industry groups, trade associations, and other interested citizens. *Id.* It is from this pool of knowledge and expertise, compiled in a readily usable and understandable form, that the codes are offered to the local governments at no cost to the public. SBCCI does not mandate the use of their codes nor are the other services of SBCCI required upon adoption of the codes. *See Practice Management*, 121 F.3d at 521 (holding misuse of copyright because of limitations imposed on licensing agreement). The Court finds that there exists no misuse of SBCCI's copyrights with regard to allowing municipalities involved in this case to adopt by reference its standardized codes.

### D. Waiver

■ Mr. Veeck asserts that SBCCI has waived its right to copyright protection in the standardized codes because SBCCI encourages municipalities to adopt their codes by reference. This Court disagrees. Waiver requires the existence of a right or privilege which may be waived, the actual or constructive knowledge thereof, and an intention to relinquish such right or privilege. *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir.1982). A waiver may be expressed or implied from conduct. *Id.* However, when a waiver is implied from conduct, "the acts, conduct, or circumstances relied upon to show waiver must make out a clear case." *Id.* The facts of the present case reveal no express waiver. The Court further finds no implied waiver. To the contrary, SBCCI expressly reserved its copyright in the codes adopted by reference by the municipalities. Further, the materials which Mr. Veeck actually received from SBCCI contained the copyright expressions of the Defendant. In addition, the Court agrees with National Fire Protection Association's statement that the fact that SBCCI chooses to provide free access to its copyrighted works in North Carolina is irrelevant to this case. Countless entities provide free access to

materials on the Internet and still retain enforcement to their copyrights.

### E. Fair Use

■ Under the provisions of 17 U.S.C. § 107, the Court finds that Mr. Veeck's use of SBCCI's copyrighted works did not amount to a "fair use." A challenge to a noncommercial use of a copyright work requires "proof either that the particular use is harmful, or that if it should become widespread, it would adversely affect the potential market for the copyrighted work." *Sony Corp. v. Universal City Studios*, 464 U.S. 417, 451, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). Actual present harm need not be shown, and it is not necessary to show with certainty that future harm will result. *Id.* The burden is on the copyright holder to show by a preponderance of the evidence "that *some* meaningful likelihood of future harm exists." *Id.* SBCCI has more than demonstrated that this particular use by Mr. Veeck and the affect of widespread use in this manner would be harmful and adversely affect the potential market for the copyrighted works of SBCCI. The Court finds a present harm and that there exists a meaningful likelihood of future harm to SBCCI. The Court has explored the remaining factors of § 107 and finds that in light of the purposes of the copyrights at issue, a "fair use" by Mr. Veeck is not found.

### F. SBCCI's Infringement Claim

■ The Court finds that SBCCI does hold enforceable copyrights to the standardized codes. The Court further finds that Mr. Veeck purchased those codes directly from SBCCI. The Court finds that the materials purchased by Mr. Veeck contained information with regard to SBCCI's copyrights. Mr. Veeck has admitted that he copied the codes from SBCCI's materials and published them on his website. *See Oral Deposition of Peter Veeck*, at 36 and 52. As such the Court finds there is more than a substantial similarity between SBCCI's works and the edited version

which Mr. Veeck published on the Internet. A copyright infringement action requires the plaintiff to prove ownership of a valid copyright and copying by the defendant. *Lakedreams v. Taylor,* 932 F.2d 1103, 1107 (5th Cir.1991). The Court finds these elements have been met in this case by SBCCI. In essence, Mr. Veeck did not publish the law. Mr. Veeck ordered a copyrighted work from SBCCI, edited it for his use, and the published the material to those members of the public who may have Internet access. As such, Mr. Veeck violated the copyrights of SBCCI.

There are a total of five copyright infringements in this case. SBCCI's five separate copyrighted works at issue are as follows: Standard Plumbing Code, 1994 Edition (Registration Number TX 3–956–811); Standard Building Code, 1994 Edition (Registration Number TX 3–911–096); Standard Fire Prevention Code, 1994 Edition (Registration Number TX 3–921–392); Standard Mechanical Code, 1994 Edition (Registration Number TX 3–916–634); and Standard Gas Code, 1994 Edition (Registration Number TX 3–922–545). While Mr. Veeck in his Answers to the SBCCI's Counter–Claims denied that he published SBCCI's copyrighted model codes, he has admitted that he published the codes enacted by various cities and towns in north Texas which adopt such models by reference. *See also Affidavit of Brad Ware,* Exhibit 7 of Defendant's Motion for Summary Judgment. Since the Court has determined that this publication infringed the copyrights of SBCCI, Mr. Veeck is liable for five infringements of SBCCI's copyrighted works.

## G. Remedies

### Permanent Injunction

■ This Court has authority to grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts have traditionally granted "permanent injunctions where a continuing threat of copy-right infringement exists and liability has been established." *Central Point Software, Inc. v. Nugent,* 903 F.Supp. 1057, 1060 (E.D.Tex.1995). Liability has been established in this case, and the Court finds that a continuing threat of copyright infringement does exist. Therefore, the Plaintiff, Mr. Veeck, is permanently enjoined from interfering with any of SBCCI's copyrights, including but not limited to, unauthorized use, copying and/or distribution of SBCCI's standardized codes, "posting" or publishing of SBCCI's standardized codes on the Internet, continued posting or publishing of SBCCI's standardized codes on the Internet, and from encouraging and aiding others to commit such acts. SBCCI's request for a permanent injunction in this matter is GRANTED.

### Statutory Damages

■ SBCCI has elected to recover an award of statutory damages under 17 U.S.C. § 504(c). Under this provision, the Court may award any amount in a sum of "not less than $500 or more than $20,000 as the court considers just." 17 U.S.C. § 504(c)(1). Within that range defined by the statutory maximum and minimum, "the court has virtually unfettered discretion in setting the damage award." *Playboy Enterprises, Inc. v. Webbworld, Inc.,* 991 F.Supp. 543, 560 (N.D.Tex.1997), *aff'd,* 168 F.3d 486 (5th Cir.1999). Where the suit involves infringement of more than one separate and independent work, as in this case, "minimum statutory damages for each work must be awarded." *Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 236 (5th Cir.1988). Damages, however, may not be awarded under § 504(c) "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at 237. The Court finds that a demonstration by detailed affidavits establishes the necessary facts in this case to award SBCCI as Counterclaimant an amount of $500 for each of the five violations, for a total of $2,500. The Court bases this determination on the fact that

Mr. Veeck has not profited from the publishing of these codes and SBCCI has not provided any evidence that Mr. Veeck profited from the publication of these codes. *See Playboy*, 991 F.Supp. at 561 (stating, "Copyright infringement, however, must not be allowed to serve as the cornerstone of a profitable business."). Because $2,500 is just and reasonable in this case, and falls within the statutory guidelines of § 540(c), the Court AWARDS $2,500 in total statutory damages to SBCCI. SBCCI's request for statutory damages as indicated above is GRANTED.

### Costs and Attorneys' Fees

SBCCI has requested this Court grant it attorneys' fees. Within the Court's discretion, attorneys' fees may be awarded to a prevailing party pursuant to 17 U.S.C. § 505. Although attorney's fees are awarded in the trial court's discretion, "they are the rule rather than the exception and should be awarded routinely." *Micromanipulator Co., Inc. v. Bough*, 779 F.2d 255, 259 (5th Cir.1985). Therefore, the Court finds that an award of attorneys' fees to SBCCI is appropriate in this case. However, the Court desires affidavits to be filed to determine the appropriate amount of a fee. SBCCI will have ten (10) days from the date of this Order to file an Affidavit on the matter of attorneys' fees. Mr. Veeck will be allowed five (5) days to respond to said Affidavit.

### IV. ORDER

This matter is before the Court for consideration of cross-motions for Summary Judgment filed by the Plaintiff and the Defendant. The Court having thoroughly reviewed this matter, having set forth its findings in a Memorandum Opinion, and being otherwise sufficiently advised, it is hereby

ORDERED, ADJUDGED, AND DECREED that Plaintiffs' Motion for Summary Judgment is be DENIED. It is further

ORDERED that Defendant's Motion for Summary Judgment is GRANTED. It is further

ORDERED that final judgment in accordance with this Opinion and Order will be entered in favor of the Defendant/Counterclaimant. It is further

ORDERED that the Defendant/Counterclaimant shall submit affidavits on the issue of an appropriate attorneys' fee award within ten (10) days from the date of this Order. It is further

ORDERED that the Plaintiff shall submit affidavits on the issue of an appropriate attorneys' fee award within five (5) days after the Defendant/Counterclaimant's submission.