NEWCOMB et al. v. YORK ICE MACHINERY CORPORATION.

No. 6268.

Circuit Court of Appeals, Fifth Circuit.

March 9, 1932.

Rehearing Denied April 1, 1932.

Leonard Brown and M. A. Childers, both of San Antonio, Tex., for appellants.

Leo Brewer, of San Antonio, Tex., and R. Wayne Lawler, of Houston, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, the York Ice Machinery Corporation, brought a suit in equity against appellants, Joe X. Newcomb, as purchaser, and the Crystal Ice Company, as transferee of the property, to foreclose a lien retained by a contract of conditional sale and to recover the balance of the purchase price of certain machinery comprising a refrigerating and ice-making plant. Newcomb filed a verified answer denying certain material allegations of the bill and including a plea of set-off and a counterclaim. This answer was adopted by the ice company. Appellee filed a reply to the answer and also moved to dismiss the entire answer, including the plea of set-off and the counterclaim. There was a hearing on the motion to strike and it was sustained. Appellants declined to plead further and a decree was entered against them as prayed for in the bill.

The pleadings are voluminous, occupying, with annexed exhibits, 99 pages of the printed transcript, but in the view we take of the case it is unnecessary to extensively review them. The bill declares on a contract by which appellee agreed to sell to Newcomb certain designated machinery, practically a complete refrigerating and ice-making plant, for a lump consideration of $21,316, to be paid in installments of 25 per cent. There were express warranties in the contract as to the refrigerating and ice-making capacity of various units. The contract provided that appellee would furnish the services of an engineer to erect and put the machinery in operation, if requested, the engineer to remain in charge after the machinery was started in operation for a period of seven days, to make needed adjustments and to give instructions in the care and operation of the machinery. At the end of that period Newcomb was required to accept or reject the machinery, it being understood that if it met the requirements of the contract it should be accepted. If rejected Newcomb was required to notify appellee in writing, appellee to be then permitted to enter the premises and remove the equipment, without charge, upon refunding whatever money had been paid, in full discharge of all liability of both parties.

The bill alleged that the machinery was delivered; that the engineer was furnished; that the contract was substantially complied with; that at the end of the seven-day period Newcomb accepted the machinery in writing; that payment of three installments, the last on August 17, had been made; that a credit memorandum for $700 had been sent Newcomb; that the last installment was overdue and unpaid; that Newcomb had repeatedly requested extensions of this, which had been granted. Credits of $1,135.01 were allowed as against this payment, with several extras added, reducing the amount demanded in solido against both appellants to $4,526.59.

The answer denied substantial compliance with the contract; denied acceptance in writing; set up breaches of warranty; alleged that an agreement had been made with agents of the appellee to correct deficiencies; alleged that a letter (set out in full) had been written to appellee incorporating the agreement with plaintiff's agents to correct the deficiencies; alleged temporary acceptance only, pending the correction of defects; denied that extensions for payment on the last installment had been requested; and alleged that payment had been withheld pending the correction of the deficiencies. As a matter of set-off and counterclaim it was alleged in substance that Newcomb had been damaged in an amount exceeding the unpaid balance and that the machinery as delivered was worth that much less than the contract price.

Appellee relies upon the provision of the contract requiring acceptance or rejection of the machinery at the termination of the seven-day trial period. It is contended that the machinery was accepted and therefore

578

the defense of breach of warranty and all other defenses are cut off. In order to invoke this provision of the contract it is necessary to show complete compliance with its terms or an acceptance, either express or to be conclusively presumed from the conduct of the buyer.

■ The case was not submitted by the parties on bill and answer. It was decided on the bill alone after striking out the answer. But nevertheless the allegations of new facts in the answer as well as the undisputed allegations of the bill are to be deemed true. Sanford Fork & Tool Co. v. Howe, Brown & Co., 157 U. S. 312, 15 S. Ct. 621, 39 L. Ed. 713; In re Sanford Fork & Tool Co., 160 U. S. 247, 16 S. Ct. 291, 40 L. Ed. 414; Banks v. Manchester, 128 U. S. 244, 9 S. Ct. 36, 32 L. Ed. 425.

■ The allegations of the bill that the contract had been substantially complied with and Newcomb had accepted the machinery in writing are denied and therefore have no probative force. Appellee cannot rely upon the allegations that Newcomb requested extensions for payment of the last installment and agreed to pay it, as this is also denied and the answer alleges that the money was retained pending the correction of defects. No estoppel could arise from the payment of the first three installments, as that was done before the defects were discovered.

■ It is apparent that the only undisputed facts appearing from the pleadings upon which acceptance could be predicated are that Newcomb retained the machinery with knowledge of its defects. As a general rule, where there is a breach of warranty in the sale of goods and the buyer retains them, with knowledge of the breach, he is presumed to have waived the breach and accepted the goods. However, the rule is not without exceptions, depending upon the facts in the particular case, and the presumption may be rebutted.

■ The allegations of the answer establish that Newcomb accepted the machinery temporarily only, pursuant to an agreement with appellee's agents by which correction of defects was promised, and appellee was notified in writing to this effect. It is elementary that a written contract may be verbally amended. It was competent for the parties to adopt a middle course between absolute rejection and unqualified acceptance.

Under the allegations of the answer it must be presumed that they did so and that the agents referred to had authority. This is sufficient to prima facie rebut the presumption of acceptance arising from the retention of the machinery.

■ It is also contended that in any event the sole remedy of Newcomb was to accept and pay for the machinery or else reject it and return it. On this question we think the case of Stillwell & Bierce Mnfg. Co. v. Phelps, 130 U. S. 520, 9 S. Ct. 601, 603, 32 L. Ed. 1035, is controlling. The facts in that case are analogous to those in the case at bar. The contract was for the sale of machinery constituting a flour mill, to be set up and put in operation. A part of the purchase price was paid. The machinery proved to be defective. The buyer notified the seller and declined to pay the balance. Suit was brought. The Supreme Court held that the defendant might prove his damages in defense of the suit. In disposing of the contention that the buyer could not retain the machinery with knowledge of its defects without becoming liable for the full purchase price, the court said: "It would be most unreasonable to compel the defendant, in order to entitle him to avoid paying the whole contract price, or to recover damages for the plaintiff's breach of contract, to undergo the expense of taking out the machinery, and the prolonged interruption of his business during the time requisite to obtain new machinery elsewhere." To the same effect are the following authorities: New York, etc., Mining Co. v. Fraser, 130 U. S. 611, 9 S. Ct. 665, 32 L. Ed. 1031; Sturtevant Co. v. Champion Fibre Co. (C. C. A.) 232 F. 1; The Nimrod (D. C.) 141 F. 215; Howard v. Stillwell & Bierce Mnfg. Co., 139 U. S. 199, 11 S. Ct. 500, 35 L. Ed. 147.

■ It may be that appellee will be entitled to judgment ultimately, but substantial rights ought not to be adjudicated merely on the pleadings except in a clear case. Especially is this true where the plaintiff seeking equity must do equity and the court has authority to fully adjudicate the respective claims of the parties according to right and justice.

The answer was sufficient to put the appellee to its proof. It was error to strike it out. Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.