**NEWCOMB et al. v. YORK ICE MACHINERY CORPORATION.**

No. 6994.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1934.

Rehearing Denied Jan. 25, 1934.

Leonard Brown and M. A. Childers, both of San Antonio, Tex., for appellants.

Leo Brewer, of San Antonio, Tex., and R. Wayne Lawler, of Houston, Tex., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

When this case was here on a former appeal, this court held that the trial court had erred in striking appellants' answer to the bill, which put in issue allegations of the bill and set up matters of set-off and counterclaim, and the case was remanded for further proceedings. Newcomb v. York Ice Machinery Corporation (C. C. A.) 56 F.(2d) 576. For a statement of the issues raised by the bill and the answer thereto reference is made to the opinion rendered when the case was here on the first appeal. Upon a consideration of the evidence adduced in the trial after the remandment of the cause the court found in favor of the appellee on the issues raised, and decreed accordingly. An examination of the evidence has led us to the conclusion that it duly supported the court's findings of fact, and that none of those findings is properly subject to be set aside by this court. We think no useful purpose would be served by a recital or discussion of that evidence.

Error was assigned on the action of the court in holding that the burden was on the appellants, defendants below, to prove allegations of the answer to the bill by way of counterclaim as to the breach of the warranty, contained in the contract sued on for the sale by the appellee to the appellant Newcomb of an ice-making machine, of the ice-making capacity of that machine. The allegations referred to were of a matter of affirmative defense, the burden of proving which was on the appellants. Buckstaff v. Russell, 151 U. S. 626, 14 S. Ct. 448, 38 L. Ed. 292; O. C. Barber Mining & Fertilizing Co. v. Brown Hoisting Mach. Co. (C. C. A.) 258 F. 1; 24 R. C. L. 162.

The record shows no reversible error. The decree is

Affirmed.