**Hodge E. MASON and Hodge E. Mason Engineers, Inc., Plaintiffs,**

v.

**MONTGOMERY DATA, INC., et al., Defendants.**

**Civ. A. No. H–88–3135.**

United States District Court, S.D. Texas, Houston Division.

March 20, 1991.

See also 741 F.Supp. 1282.

Martin L. McGregor, Houston, Tex., for plaintiffs.

Lionel M. Schooler, Morris, Tinsley & Snowden, James B. Gambrell, Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, Tex., for defendants.

## NUNC PRO TUNC JUDGMENT

HOYT, District Judge.

The Final Judgment (instrument # 131) entered on March 20, 1991 is WITHDRAWN and the following is substituted in its place.

Pending before the Court are the defendants' motions for partial summary judgment. Having considered the motions, the responses thereto, the record on file, and the applicable law, it is the opinion of the Court that the motions should be granted.

### FACTUAL BACKGROUND

In 1967, the plaintiffs began creating land ownership maps for Montgomery

County, Texas based upon United States Geological Survey maps using title data obtained from public records as well as data supplied by an agreement with Conroe Title & Abstract Co., Inc., a defendant herein. By July 1969, 118 individual map sheets were created and published with copyright notices. The map sheets contain identification, location and relative position, size and shape of land grants and real property in Montgomery County and representations of survey lines, tract boundaries, identification of deeds, abstract numbers, and other information that the plaintiffs claim as original work. The plaintiffs made revisions to the original map sheets, and 115 revised map sheets were published with copyright notices during the period from 1970 to 1980.

The plaintiffs contend that the defendants made an unauthorized derivative edition of the original maps by cutting and pasting the plaintiffs' copyrighted map sheets into new configurations. It is also alleged that the defendants then copied the surveys, tract boundaries, topography, and other features from the plaintiffs' copyrighted maps on transparent overlays.

Between 1980 and 1982 defendant, Landata, Inc. of Houston ("Landata"), bought a set of the plaintiffs' previously registered map sheets in a public store. Landata then developed its own updated map sheets for distribution by the defendant, Montgomery Data, Inc. ("MDI"), to its subscribers. The plaintiffs learned of this activity in September 1985, when Landata sought permission to use the copyrighted map sheets in a computer title plant to be made available to other title companies. The plaintiffs denied Landata this use.

Registration of the plaintiffs' copyright in one original map sheet was filed in October 1968 (copyright certificate F 47925); copyrights in the remaining 117 original map sheets were registered in October 1987. Registration of the copyrights in the 115 revised maps were filed in October, November, and December of 1987.

## DISCUSSION

Federal Rule of Civil Procedure, Rule 56(c) permits the entry of a summary judgment in a case where the pleadings, depositions and other discovery as well as any affidavits show that no genuine issue exists as to any material fact. If no genuine issue as to any material fact exists and the movant is entitled to prevail as a matter of law, the entry of a summary judgment is warranted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Federal Deposit Insurance Corp. v. First National Finance*, 587 F.2d 1009 (9th Cir.1978). The party seeking summary judgment bears the initial responsibility of pointing out to the Court evidence which demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. The non-moving party must "go beyond the pleadings and … designate 'specific facts showing that there is a genuine issue for trial'." *Id.*

The standard set forth in Rule 56 expressly provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment…. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Furthermore, the dispute about a material fact must be "genuine," that is, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 106 S.Ct. at 2510. Therefore, in deciding a motion for summary judgment, the preliminary question for the Court is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 106 S.Ct. at 2511, *quoting Improvement Co. v. Munson*, 14 Wall. 442, 448, 20 L.Ed. 867 (1872). In other words, although the moving party bears the initial responsibility of establishing the absence of a genuine issue of material fact, summary judgment may be entered "against a

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The plaintiffs' principal contention is that the defendants made an unauthorized use of its copyrighted maps to create certain reorganized map sets, overlays and computer databases.

The Copyright Act provides that factual "Compilations" can be copyrighted, however, "the copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103(a) and (b). In other words, when the copyright lies in the arrangement of facts, only the arrangement is protected by the copyright. Obviously, the plaintiffs could not copyright the information in the public records but they do purport to have copyrighted the arrangement of the information on the maps.

## [A] Infringement

■ [1] To establish a prima facie case of copyright infringement, the plaintiff must prove ownership of copyrighted material, that the defendant had access to the copyrighted material and that there is a substantial similarity between the author's and the defendant's expression of the idea in the material. *Allied Mktg. Group, Inc. v. CD Mktg. Inc.,* 878 F.2d 806, 809 (5th Cir.1989); *Apple Barrel Prod. Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir.1984). A plaintiff may establish ownership by showing that the material is copyrightable and that he complied with the statutory requirements in securing the copyright. *Allied Mktg. Group,* at 810–11; *Apple Barrel,* 730 F.2d at 387.

In this case, it is undisputed that the plaintiffs obtained copyright certificates for the maps in question and that the defendants had access to them. Therefore,

the resolution of this case depends upon the copyrightability of the maps.

■ [2] It is well settled in Copyright Law that a copyright protects only an author's expression of an idea and not the idea itself. 17 U.S.C. § 102(b); *Mazer v. Stein,* 347 U.S. 201, 217–218, 74 S.Ct. 460, 470–71, 98 L.Ed. 630. If, however, the expression of an idea is inseparable from the idea itself, the expression and idea merge. *Kern River Gas Transmission Co. v. Coastal Corp.,* 899 F.2d 1458 (5th Cir.1990). The "Merger" doctrine was developed to deal with the difficulty in determining the difference between an idea and the expression of that idea. *Id.* at 1463. "When the idea and its expression are thus inseparable, copying the expression will not be barred, since protecting the expression in such circumstances would confer a monopoly of the idea upon the copyright owner free of the conditions and limitations imposed by the patent law." *Herbert Rosenthal Jewelry Corp. v. Kalpakian,* 446 F.2d 738, 742 (9th Cir.1971).

■ Similarly, the instant case which deals with factual matters such as drawing the abstract, tract boundaries and the ownership name and tract size, the facts themselves are not copyrightable but the expression of the facts and their arrangement may in some instances be copyrightable. *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1368 (5th Cir.1981). However, the problem with the Hodge Mason maps is not a lack of originality, but rather that the maps express the only pictorial presentation which could result from a correct interpretation of the legal description and other factual information relied upon by the plaintiffs in producing the maps.

To take the plaintiffs' argument to its logical conclusion would mean that anyone who desired to make a map of Montgomery County would have to dig through and interpret the pertinent public records and transform the metes and bounds of the legal descriptions into a pictorial presentation that, if done correctly, would be substantially the same as the plaintiffs'. Clearly, this would contradict the policy of copyright law that allows a "subsequent

author to build upon and add to prior accomplishments without unnecessary duplication of effort." *Miller,* 650 F.2d 1365, 1371 (5th Cir.1981).

## CONCLUSION

Thus, the Court finds that the plaintiffs' idea, which includes drawing the abstract and tract boundaries, indicating the ownership name, the tract size, and the other factual information, is inseparable from its expression incorporated in the maps and hence, not subject to copyright protection. Assuming that the defendants copied the Hodge Mason maps and that the defendants' maps were substantially similar to the plaintiffs, all similarities pertained to noncopyrightable material. The distinction between noncopyrightable facts and copyrightable expression of those facts serves to further an important purpose in copyright law. *Miller,* 650 F.2d 1365, 1371 (5th Cir.1981). "It balances the public's interest in stimulating creative activity, as embodied in the copyright clause, against the public's need for unrestrained access to information." *Id.*

In the instant case, the plaintiffs apparently contend that extending copyright protection to their maps would not alter the delicate balance between the public's legitimate interest in stimulating creative activity and the need for unrestrained access to information. The Court disagrees. To extend copyright protection to the Hodge Mason maps, which resulted from facts essentially in the public domain, would give the plaintiffs a monopoly over the facts. In other words, anyone who has the desire and ability to correctly interpret the legal descriptions and toil through the factual information relied upon by the plaintiffs in creating their maps, would create a pictorial presentation so substantially similar to the plaintiffs that they could be accused of copyright infringement. This result would clearly upset Congress' intent to balance the "competing concerns of providing incentive to authors to create and of fostering competition in such creativity." *Apple Computer, Inc. v. Franklin Computer Corp.,* 714 F.2d 1240, 1253 (3rd Cir.1983) (citing *Herbert Rosenthal Jewelry Corp. v.*

*Kalpakian,* 446 F.2d 738, 742 (9th Cir. 1971)).

Therefore, the plaintiffs' idea to create the maps, based on legal and factual public information, is inseparable from its expression embodied within the maps, and hence not subject to copyright protection.

It is therefore ORDERED that the defendants' motions for partial summary judgment (instrument numbers 97, 99 and 101) be, and same are hereby, GRANTED.

It is further ORDERED that the plaintiffs' motion for partial summary judgment (instrument number 84) is DENIED.

This is a FINAL JUDGMENT.