**MEADOWGREEN MUSIC COMPANY, et al., Plaintiffs**

v.

**VOICE IN THE WILDERNESS BROADCASTING, INC., et al., Defendants.**

Civ. A. No. 1:91 CV 213.

United States District Court, E.D. Texas, Beaumont Division.

April 17, 1992.

Stacy Royce Obenhaus, Cynthia Carolyn Hollingsworth, Gardere & Wynne, Dallas, Tex., for plaintiffs.

Dennis Hubbard, Moore, Landrey, Garth & Jones, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

CAME ON TO BE HEARD this day the plaintiffs' motion for summary judgment, and the court, after considering the said motion and brief in support, the response of the defendants, the affidavits and supplemental affidavits submitted by the plaintiffs, the defendants' answers to discovery requests submitted by the plaintiffs, and the joint stipulation of facts, is of the opinion that the plaintiffs are entitled to judgment as a matter of law and their motion for summary judgment should be Granted.

## LIABILITY

The moving parties, Meadowgreen Music Company, et al. (hereinafter "Meadowgreen"), have the burden of showing that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law. *Williams v. Adams,* 836 F.2d 958, 960 (5th Cir.1988). "In an action for copyright infringement, the elements of plaintiffs' proof are as follows:

(1) the originality and authorship of the compositions* involved;

(2) compliance with all formalities required to secure a copyright under Title 17, United States Code;

(3) that Plaintiffs are the proprietors of the copyrights of the compositions involved in this action;

(4) that the compositions were performed publicly ...;

(5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance."

*Fermata Int'l Melodies, Inc. v. Champions Golf Club, Inc.,* 712 F.Supp. 1257, 1259 (S.D.Tex.1989), *aff'd,* 915 F.2d 1567 (5th Cir.1990).

■ The defendants admit that the plaintiffs are the owners of valid copyrights in the musical compositions in question. (*See* Defendants' Answers to Plaintiffs' First Request for Admissions and Second Set of Interrogatories). The court finds that this admission is prima facie evidence of the plaintiffs compliance with Title 17 of the United States Code. This admission establishes the first three elements of copyright infringement: originality and authorship of the compositions, compliance with the requirements to secure a copyright, and plaintiffs' ownership of the copyrights of the compositions. The admission also makes it clear that there are no genuine issues of material fact concerning these elements of the plaintiffs' claim.

■ The fourth requirement is established through the affidavits of Robert Lea, the plaintiffs' field investigator, and Kenneth Ayden, the plaintiffs' musical identification expert. Mr. Lea stated that he has personal knowledge that the defendants publicly performed the compositions in question on May 30 and 31, 1990. Mr. Lea supports his affidavit with tape recordings of public broadcasts of the compositions in question made on May 30 and 31, 1990. Mr. Ayden's affidavit identifies the music on the recordings as the compositions which are the subject of this lawsuit. The court finds that this uncontroverted summary judgment evidence is sufficient to satisfy element 4, that the music was publicly performed.

Finally, the defendants admit that they were not licensed by the American Society of Composers, Authors and Publishers (hereinafter "ASCAP") when the compositions in question were publicly performed and that they did not receive permission from the plaintiffs or their representatives for the performances. (*See* Defendants' Answers to Plaintiffs' First Request for Admissions and Second Set of Interrogatories). This uncontroverted evidence establishes element 5.

Since all five elements for copyright infringement have been satisfied, this court finds that the plaintiffs have met their summary judgment burden on the issue of liability for copyright infringement.

Once the plaintiffs, movants, have met their burden, the burden shifts to the defendants, nonmovants, to show that summary judgment should not be granted. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A party opposing a properly supported motion for summary judgment must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ The defendants, Voice in the Wilderness and Ralph McBride, operator and owner of the radio station KTFA–FM when the infringement occurred, did not attempt to set forth any facts showing the existence

---

* Compositions refer to the musical compositions contain in schedule A of the plaintiffs' original complaint and incorporated into the Plaintiffs' motion for summary judgment.

of a genuine issue for trial on liability. Instead they responded to the plaintiffs' motion by attacking the affidavits of David Hochman and Kenneth Ayden. The defendants argue that the affidavits do not satisfy the requirements of Fed.R.Civ.P. 56(e). The court rejects this argument. Mr. Hochman's supplemental affidavit clarifies that his statements are based on his personal knowledge and review of the ASCAP's file on KTFA–FM. This file is kept in the regular course of business and in the ASCAP Radio Department under the control of Mr. Hochman according to his supplemental affidavit. Furthermore, Mr. Ayden states that his affidavit and supplemental affidavit are based on his personal knowledge and expertise in music. Therefore, this court finds that these affidavits are competent summary judgment evidence under Fed.R.Civ.P. 56(e).

The defendants have not countered this motion with any opposing affidavits or other competent summary judgment evidence. Consequently, the defendants have failed to meet their summary judgment burden. Therefore, the plaintiffs are entitled to summary judgment on the issue of liability against the defendants for infringing on the copyrights of the musical compositions in question.

## JOINT AND SEVERAL LIABILITY

The plaintiffs contend that Ralph McBride, owner and president of Voice in the Wilderness, is jointly and severally liable with Voice in the Wilderness Broadcasting, Inc. for the acts of infringement on which this lawsuit is based. "A corporate officer may be held vicariously liable (1) if the officer has a financial stake in the activity and (2) if the officer has the ability to supervise the activity causing infringement." *Fermata*, 712 F.Supp. at 1262.

In the case at bar, the defendants admit that Mr. McBride owned in May 1990 and still owns all of the outstanding voting shares of stock in Voice in the Wilderness Broadcasting, that he was in May 1990 and still is the president of Voice in the Wilderness Broadcasting, and that he was in May 1990 and still is the general manager of radio station KTFA–FM. (Joint Stipulation of Facts numbers 1, 2, and 3). Mr. McBride also received a salary from Voice in the Wilderness Broadcasting in 1990. (Defendants' Answers to Plaintiffs' First Request for Admissions and Second Set of Interrogatories, Interrogatory No. 8). Mr. McBride is also the person who was contacted by ASCAP to discuss a payout of the balance owed for past due licensing fees. Moreover, Mr. McBride held himself out as the person who controlled the finances of KTFA–FM. Accordingly, the court finds that Mr. McBride had a financial stake in KTFA–FM and had the right and ability to control the infringing activities. Thus, the court finds that Ralph McBride and Voice in the Wilderness are jointly and severally liable for the copyright infringement.

## DAMAGES

The plaintiffs are seeking injunctive relief, statutory damages, and costs including attorney's fees.

### Injunction

"Courts have traditionally granted permanent injunctions, if liability is established and a continuing threat to the copyright exists." *Fermata*, 712 F.Supp. at 1262. According to the affidavit of David Hochman, the defendants were aware of the importance of obtaining permission to broadcast the compositions. Despite this knowledge, the defendants' broadcasted the compositions without a license. This act evidences a conscious disregard for the rights of the plaintiffs. Moreover, this act is evidence that the defendants may continue to broadcast the compositions without permission in the future. Therefore, pursuant to 17 U.S.C. § 502(a), the plaintiffs are entitled to an injunction prohibiting the defendants from performing plaintiffs' copyrighted songs without proper authorization. *See Id.* at 1262–63.

### Statutory Damages

The plaintiffs have elected, under 17 U.S.C. § 504(c), to recover statutory damages. Statutory damages provide for a sum of not less than $500 or more than $20,000 as the court deems just to be

awarded to the copyright owner. The court may exercise its discretion and award up to $100,000 for willful infringement. 17 U.S.C. § 504(c)(2).

### Willful Infringement

 The plaintiffs contend that the defendants willfully infringed upon their copyrights. The Fifth Circuit has defined willful infringement as infringement wherein a defendant "knows his actions constitute an infringement...." *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir.1988). The defendants, in the case at bar, admit that they knew a license was required to broadcast the music, knew that the plaintiffs were the party through which a license could be obtained, and did not obtain a license. Furthermore, according to the uncontroverted summary judgment evidence submitted by the plaintiffs, the defendants then, on May 30 and 31, 1990, publicly broadcasted the compositions.

The defendants argue "that because the artists listed in Schedule A of Plaintiffs' Complaint have publicly stated their intent to minister through their Christian music, that their intent to minister is further accomplished by radio stations, such as KTFA–FM, broadcasting their music to a listening audience." (Defendants' Answers to Plaintiffs' First Request for Admissions and Second Set of Interrogatories, Interrogatory No. 7). Nevertheless, the defendants may not further what they perceive to be the plaintiffs' purpose without the plaintiffs' permission or a license. This court finds from the answers to discovery requests, affidavits, exhibits, and joint stipulation of facts submitted by the plaintiffs that the defendants' acts constitute willful infringement.

### Amount of Damages

 In Mr. Hochman's affidavit, he states that for more than five years the defendants have willfully infringed copyrighted songs in the ASCAP repertory by broadcasting those songs without permission or a license. The defendants argue, inter alia, that the plaintiffs have made unsupported statements that the "defendants have broadcast ASCAP members' music on a daily basis for more than five years, that Defendants owe $24,700.00 in license fees, and that Defendants have continued to violate copyrights since June 20, 1986." (Defendants' Brief in support of Response to Motion for Summary Judgment at 4). The plaintiffs, however, do not seek damages for copyright infringements that may have occurred over a five year period. They seek statutory damages only for the fifteen acts of infringement which they have established by summary judgment. The plaintiffs urge the court to assess an amount of $3,500 per infringement, for a total of $52,500 in statutory damages. The plaintiffs believe this award will be sufficient to deter the defendants from infringing the plaintiffs copyrights in the future. The defendants offer no controverting affidavits or any other summary judgment evidence on the issue of a just amount of statutory damages.

Under 17 U.S.C. § 504(c), this court cannot "premise its award on a number of infringements not proved by admissible evidence." *Xanthas*, 855 F.2d at 237. In the case at bar, however, the plaintiffs have provided this court with sufficient summary judgment evidence to establish fifteen infringements. Mr. Lea's detailed affidavit establishes that he recorded the copyrighted compositions as they were publicly broadcasted by the defendants on May 30 and 31, 1990. The recordings were later identified by Mr. Ayden as the fifteen compositions which are the subject of this lawsuit. This uncontroverted summary judgment evidence is sufficient to establish that the defendants infringed the plaintiffs' copyrights fifteen times on May 30 and 31, 1990. Moreover, the summary judgment evidence presented by the plaintiffs to this court, including the undisputed evidence of copyright infringements and the evidence of willfulness, is sufficient for this court to find, as it does, that an award of $3500 per infringement is just in this case. Accordingly, the court finds that the plaintiffs are entitled to summary judgment for $52,500 in statutory damages.

### Attorney's Fees and Costs

"A panel of the Fifth Circuit Court of Appeals concluded in a copyright infringe-

ment case that '[a]lthough attorney's fees are awarded in the trial court's discretion, they are the rule rather than the exception and should be awarded routinely.'" *Fermata*, 712 F.Supp. at 1264 *quoting Micromanipulator Co., Inc. v. Bough*, 779 F.2d 255, 259 (5th Cir.1985); *See also Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir.1984). Again, the defendants have not proffered any controverting affidavits or other summary judgment evidence on the issue of the amount of attorney's fees and costs. Therefore, pursuant to 17 U.S.C. § 505 and considering the detailed and uncontroverted affidavit of Stacy R. Obenhaus, attorney for the plaintiffs, the court finds that the plaintiffs are entitled to summary judgment for attorney's fees and costs in the amount of $4,383.00 as set out in Ms. Obenhaus's affidavit.

It is, therefore, ORDERED that the plaintiffs' motion for summary judgment is hereby GRANTED; and it is further

ORDERED that the plaintiffs are awarded judgment against defendants Voice in the Wilderness Broadcasting, Inc. and Ralph McBride, jointly and severally, for statutory damages in the amount of $52,-500.00, and costs and attorneys' fees in the amount of $4,383.00; and it is further

ORDERED that the defendants, their agents, servants and employees, and all others acting in concert with them, are permanently enjoined and prohibited from presenting public performances of ASCAP members' copyrighted music without authorization directly from the copyright owners or a license from ASCAP.