**CENTRAL POINT SOFTWARE, INC., Quarterdeck Office Systems, Inc., and Symantec Corporation, Plaintiffs,**

v.

**Jimmy NUGENT, an individual, d/b/a Agents of Fortune, Defendant.**

No. 1:94–CV 0523.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 21, 1995.

Shawn Kathleen McKean, Timothy M. McDaniel, McDaniel & Associates, Houston, TX, Geoffrey G. Gilbert, Thomas J. Smedinghoff, McBride Baker & Coles, Chicago, IL, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

### BACKGROUND

Plaintiffs, Central Point Software, Inc. (Central), Quarterdeck Office Systems, Inc. (Quarterdeck), and Symantec Corporation (Symantec), design and produce a variety of computer software applications. They brought suit in this court alleging that the Defendant, Jimmy Nugent (Nugent), operated a computer Electronic Bulletin Board Sys-

tem (BBS)[1] for profit. According to Plaintiffs, this BBS allowed (even encouraged) its subscribers to illegally obtain Plaintiffs' copyrighted computer software[2] that had been "posted" on the BBS. Plaintiffs assert that Defendant's actions violate the Copyright Law of the United States, 17 U.S.C. § 101 et seq.

Plaintiffs now move for summary judgment and request (1) an order enjoining Defendant from engaging in this activity; (2) that Defendant forfeit all computer hardware and software used to make the unauthorized copies; and (3) monetary damages and attorneys fees.

## ANALYSIS

### I.

It is well-settled that a motion for summary judgment can be granted only if the matters considered by the court clearly demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); FED.R.CIV.P. 56(c). It is equally well-settled that the burden of proving that "no genuine issue of material fact exists," rests with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 320, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party meets this threshold, the burden shifts to the nonmoving party to demonstrate with significant probative evidence that there exists a genuine issue of fact to be tried. *Kansa Reinsurance v. Congressional Mort. Corp.*, 20 F.3d 1362, 1371 (5th Cir.1994); *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir.1994). This requires that the nonmoving party produce more than some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Only evidence, not unsworn pleadings, memoranda or the like, will satisfy this burden. *Larry v. White*, 929 F.2d 206, 211 n. 12 (5th Cir.1991). However, the evidence of the nonmoving party is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. When a rational jury, looking at the record as a whole, could not find for the nonmoving party, no issue of material fact exists and summary judgment is proper. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2512.

### II.

An owner of a copyrighted work has the exclusive right to reproduce the work in copies, to prepare derivative works based on the copyrighted work, to distribute copies of the work to the public, and, in the case of certain types of works, to perform and display the work publicly. 17 U.S.C. § 106. Sections 107 through 118 of the Copyright Act limit an owner's exclusive rights, and Section 501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118 ... is an infringer of the copyright."

To establish a prima facie case of copyright infringement, the plaintiff must prove ownership of copyrighted material and copying by the defendant. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 (5th Cir.1989). A plaintiff establishes ownership by demonstrating that the material is copyrightable and that he complied with the statutory requirements in securing the copyright. *Mason v. Montgomery Data, Inc.*, 765 F.Supp. 353, 355 (S.D.Tex.1991). Plaintiffs may establish copying if they can demonstrate that the software has been reproduced in a computer's memory without permission.[3] *See Vault*

---

1. A computer bulletin board allows an individual who subscribes to the bulletin board to contact the board via modem and to then either "upload" a software program to the board (in effect adding a "posting" to the board) or "download" a copy of a software program already on the board.

2. The disputed material is as follows: (1) Central's "PC Tools," version 8.0; (2) Quarterdeck's

"QEMM," version 6.2 and "DESQview," version 2.43; and (3) Symantec's "The Norton PC Anywhere," version 4.5.

3. Of course, Title 17 U.S.C. § 117 provides an exception to the general rule against copying a purchased software program to multiple computers:

*Corp. v. Quaid Software Ltd.*, 847 F.2d 255, 259 (5th Cir.1989).

That software programs are copyrightable material is beyond dispute. *Vault*, 847 F.2d at 259. Plaintiffs have provided the court with copies of the Certificates of Copyright Registration establishing that Quarterdeck is the owner of the copyright for QEMM 6.0 and DESQview 2.34, and Central is the owner of the copyright for PC Tools 7.0.[4] *See Plaintiffs' Motion for Summary Judgment,* Exhibits A, B, C & D.

■ Additionally, Plaintiffs establish the copying requirement by providing the court with the affidavit of an individual who subscribed to Defendant's BBS. The affidavit and accompanying exhibit demonstrate that PC Tools 8.0, DESQview 2.43 and QEMM 6.2 were posted on the BBS (that is, copied to the Defendant's harddrive) and available for downloading. *See McClure Aff. and Ex. 10, Plaintiffs' Motion for Summary Judgment.* It is uncontroverted that Defendant reproduced these later versions of the copyrighted works.

■ Quarterdeck and Central do not own copyrights to PC Tools 8.0, DESQview 2.43 and QEMM 6.2, but these works are protected by copyright if they are "derivative" of the copyrighted works (i.e. PC Tools 7.0, DESQview 2.34, and QEMM 6.0). *See* 17 U.S.C. § 106(2). To constitute a derivative work, the work need only contain a substantial amount of material from the copyrighted work. *Twin Peaks Productions v. Publications Intern.*, 996 F.2d 1366, 1373 (2nd Cir.1993). Based on the affidavits of John Teddy and Kevin Terry the court concludes that PC Tools 8.0, DESQview 2.43 and

QEMM 6.2 are derivative works and entitled to copyright protection.[5]

In the absence of any rebuttal by Defendant, this court is warranted in finding that any reasonable jury would conclude, based on the evidence before the court, that Defendant did unlawfully infringe upon Plaintiffs' copyrights.

## REMEDIES

### Permanent Injunction

■ This court has authority to grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts have traditionally granted permanent injunctions where a continuing threat of copyright infringement exists and liability has been established. *Swallow Turn Music v. Wilson*, 831 F.Supp. 575, 581 (E.D.Tex.1993); *Fermata Intern. Melodies v. Champions Golf Club*, 712 F.Supp. 1257, 1262–63 (S.D.Tex.1989), aff'd, 915 F.2d 1567 (5th Cir.1990). Here, liability has been established by the findings set out above, and a continuing threat of copyright infringement does exist. Without an injunction, there is no reason to believe that Defendant will discontinue his practice of copyright infringement; therefore, the Defendant is permanently enjoined from interfering with any of the plaintiffs' copyrights, including but not limited to, unauthorized use, copying and/or distribution of plaintiff's copyrighted software, and from encouraging and aiding others to commit such acts.

### Statutory Damages

■ Under 17 U.S.C. § 504(c), a plaintiff may elect to receive statutory damages rath-

---

"[I]t is not an infringement for the owner of a copy of a computer program to make or authorize the making of another copy or adaptation of that computer program provided:

   (1) that such a new copy or adaptation is created as an essential step in the utilization of the computer program in conjunction with a machine and that it is used in no other manner, or

   (2) that such new copy or adaptation is for archival purposes only and that all archival copies are destroyed in the event that continued possession of the computer program should cease to be rightful."

Neither exception appears to be at work here.

4. Although Symantec was originally a plaintiff in this action, the court subsequently granted Symantec's motion to dismiss its claims against Nugent.

5. The affidavits reveal (1) that PC Tools 8.0 serves the same basic function as and incorporates over 50% of the original code of PC Tools 7.0; (2) DESQview 2.43 and QEMM 6.2 are substantially the same as DESQview 2.34 and QEMM 6.0 with only minor modifications and improvements.

er than the actual damages and infringer's profits stemming from a defendant's copyright infringement. Under this provision, a court may award any "just" penalty in a sum of "not less than $500 or more than $20,000" for all infringements per work. 17 U.S.C. § 504(c). And where infringements have been committed willfully, a court has the discretion to increase each statutory award up to an amount not exceeding $100,000. 17 U.S.C. § 504(c)(2). In the case at hand, Defendant infringed upon three copyrighted works—Quarterdeck's DESQview 2.43 and QEMM 6.2, and Central Point's PC Tools 8.0. This court considers a $10,000 penalty per violation to be "just."

Damages may not be awarded under section 504(c) "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 237 (5th Cir. 1988). Here, David McClure's detailed affidavit and attached exhibits adequately establish the necessary facts to determine a "just" amount under section 504(c). It is obvious that Defendant chose to violate the copyright laws by reproducing and providing distribution of the plaintiffs' copyrighted software. Further, the Defendant profited from these violations by charging subscribers to the bulletin board a monthly registration fee. Given the circumstances of this case, the $500 minimum penalty and the $100,000 ceiling, $10,000 per work is a "just" penalty. Because $10,000 per work is a just and reasonable penalty in these circumstances, this court awards $30,000 in total statutory damages to Plaintiffs. This award is reflective of the injury sustained by Plaintiffs and the wrong committed by Defendant.

### Disposition of Copyrighted Property

Plaintiffs also wish to have Defendant deliver to Plaintiffs all computer hardware and software used to make and distribute unlicensed or unauthorized copies of the plaintiffs' copyrighted software. The covered items include, but are not limited to, modems, disk drives, central processing units, and all other articles by means of which such unauthorized or unlicensed copies were made. The provisions of 17 U.S.C. § 503(b) specifically allow for such a disposition:

> As part of a final judgment or decree, the court may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced.

This courts finds the Plaintiffs' request to be a reasonable disposition of the property covered under the act.

### Costs and Attorneys' Fees

Plaintiffs further request the court to award costs and attorneys fees in this case. Title 17 U.S.C. § 505 permits a court to award costs and attorney's fees to the party prevailing in a copyright claim. Thus, attorney's fees may be awarded to a prevailing party as a matter of the court's discretion. *Fogerty v. Fantasy,* —— U.S. ——, ——, 114 S.Ct. 1023, 1033, 127 L.Ed.2d 455 (1994). However, attorney's fees are routinely awarded in copyright infringement actions. *Micromanipulator Co. v. Bough,* 779 F.2d 255, 259 (5th Cir.1985); *Swallow Turn Music,* 831 F.Supp. at 581–82; *Meadowgreen Music Co. v. Voice in the Wilderness Broadcasting, Inc.,* 789 F.Supp. 823, 828 (E.D.Tex.1992). Considering the facts surrounding this case, the court is of the opinion that costs and attorneys' fees are justified. Therefore, based on the affidavits provided by the Plaintiffs' attorneys, this Court awards attorney's fees in the amount of $6000. *See McDaniel Aff., Plaintiffs' Motion for Summary Judgment.*

Judgment will be entered in accordance with this opinion.